IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-81743 |
| | ) | |
| DALE DEAN KENDRICK and | ) | |
| SANDRA ANN KENDRICK, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

## MEMORANDUM

Hearing was held in Omaha, Nebraska, on February 5, 2007, regarding Filing No. 5, Chapter 13 Plan, filed by the debtors; Filing No. 13, Objection to Confirmation of Plan, filed by Ford Motor Credit Company; and Filing No. 14, Motion for Adequate Protection, filed by Ford Motor Credit Company. Dave Hepperlen appeared for the debtors and Grant Forsberg appeared for Ford Motor Credit Company. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(L).

Ford Motor Credit Company ("Ford") is a secured creditor of the debtors under two installment sales contracts, one concerning a 2004 Ford F-150 pickup truck and one concerning a 2004 Ford Mustang. On the petition date, the debtors owed $16,292 on the truck and $15,907 on the car. The interest rate on the truck note was 7.49% and the interest rate on the Mustang note was 0%.

The debtors have filed a plan that acknowledges that the creditor is oversecured on the truck and proposes to pay the approximate contract rate of 8% over the life of the plan with regard to the truck.

The plan values the Mustang at $10,000 and proposes to pay the contract rate of 0%.

Ford objects and presented evidence that on the petition date, the truck was worth $22,500, and the Mustang was worth $21,100. At the hearing, counsel for the debtor agreed that Ford was not only oversecured on the truck, but was oversecured on the Mustang and that the plan would need to be amended to deal with the valuation issue concerning the Mustang.

The debtors have agreed to pay $200 per month for each vehicle as adequate protection until Ford begins receiving the regular monthly plan payment, which will occur after the attorney fees are paid from funds held by the trustee. Ford suggests that $200 per month is inadequate and that each of the vehicles is declining in value by more than that amount.

The $200 per month offered by the debtors for each vehicle is sufficient. The parties agree that Ford is significantly oversecured with regard to both vehicles and that payments under the plan will begin in a short period of time. Therefore, the continuing decline in value prior to Ford receiving the full plan payment is covered by the equity in each of the vehicles and the $200 per month per vehicle. The trustee is authorized to begin paying Ford $200 per month for each vehicle.

Ford's final objection to the plan is that the interest rate is wrong. The debtors have

proposed to pay the contract rate, or a little better, on both vehicles. The contract rate on the truck is 7.49% and the debtors have agreed to pay 8% per year. The contract rate on the Mustang is 0% and the debtors have agreed to pay that contract rate. Ford, however, asserts that it should be entitled to the "formula rate" of interest calculated in accordance with Till v. SCS Credit Corp., 541 U.S. 465, 124 S. Ct. 1951, 158 L. Ed. 2d 787 (2004). 11 U.S.C. § 1325 provides the requirements for confirmation of a plan. With respect to secured claims, in order to confirm a plan where the creditor has not accepted the plan and the debtor is not surrendering the collateral, the plan must provide that the creditor retain its lien for a specified period of time and that the value to be distributed to the creditor under the plan is not less than the allowed amount of the claim.

11 U.S.C. § 1325(a) also contains what is commonly referred to as the "hanging paragraph," which follows immediately after subsection (a)(9), and provides as follows:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [period] preceding the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of Title 49) acquired for the personal use of the debtor . . . .

Section 506 provides that an allowed claim is secured to the extent of the value of the creditor's interest in the property. 11 U.S.C. § 506(a).

In this case, the Mustang fits the description used in the hanging paragraph. However, the truck, because it is used for business purposes, probably does not fit that description.

The debtors have agreed to pay the allowed claim of Ford in full at the contractual interest rate of 0% for the Mustang and have agreed to pay interest at a slightly higher than contract rate for the truck. Ford argues that the interest rate should be determined in accordance with Till. In Till, the United States Supreme Court concluded that the "prime plus" or "formula" rate was the best approach for determining an appropriate interest rate to compensate a secured creditor for the present value of its claim when the debtor is paying the debt in installments over a period of years. 124 S. Ct. at 1961 ("the formula approach entails a straightforward, familiar, and objective inquiry, and minimizes the need for potentially costly additional evidentiary proceedings").

Pursuant to Nebraska Rule of Bankruptcy Procedure 3023-1, there is a presumption that the appropriate interest rate is equal to the prime rate as published in *The Wall Street Journal* on the last business day prior to the confirmation hearing plus two percentage points. The local rule further provides that the foregoing rate should be used whenever the court is required to determine value of property to be distributed under a plan for any confirmation purpose. Finally, the local rule provides that the creditor has the burden of proof by a preponderance of the evidence if it desires a different interest rate.

In this case, debtors were in default on the date of the bankruptcy filing. The entire amount due to Ford (including the amounts in default), less adequate protection payments made prior to confirmation and prior to the full plan payment to Ford being initiated, is to be paid in monthly installments over the life of the plan. Accordingly, even though Ford is being paid in full, Ford's claim is being modified.

Debtors appear to be arguing that as a result of the hanging paragraph which makes § 506 bifurcation inapplicable to loans such as the Mustang loan, and thereby requires that such loans be paid in full, the creditor should be limited to the interest for which it contracted. In other words, the debtors assert that the BAPCPA amendments, including the hanging paragraph and other changes to § 1325, abrogate Till. They do not. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") made no changes to the language of § 1325 requiring that the secured creditor receive the present value of its claim. Further, none of the BAPCPA amendments addresses the appropriate interest rate nor do the amendments otherwise expressly overrule Till. This court agrees with the majority of the holdings in other jurisdictions that the hanging paragraph at § 1325 simply prohibits a debtor from bifurcating a purchase-money secured claim on a motor vehicle bought for personal use within 910 days of filing. The amendments did nothing to alter the fundamental requirement that the debtor pay the present value of a secured claim. In re Henry, 353 B.R. 261 (Bankr. D. Or. 2006); In re Vagi, 351 B.R. 881 (Bankr. N.D. Ohio 2006); In re Fleming, 339 B.R. 716 (Bankr. E.D. Mo. 2006); In re Johnson, 337 B.R. 269 (Bankr. M.D.N.C. 2006); In re Robinson, 338 B.R. 70 (Bankr. W.D. Mo. 2006); In re Wright, 338 B.R. 917 (Bankr. M.D. Ala. 2006); In re Brown, 339 B.R. 818 (Bankr. S.D. Ga. 2006).

Since Ford's payment stream is being modified and Ford has objected, § 1325(a)(5)(B)(ii) is applicable and the interest rate to be applied, as a result of Till, is as set forth in Nebraska Rule of Bankruptcy Procedure 3023-1. The contract rate is irrelevant.

This plan cannot be confirmed. The debtor may file an amended plan to deal with the value of the Mustang and to deal with the interest rate issues by March 5, 2007. Alternatively, the parties may submit a stipulated order that clarifies the valuation and interest rate issues.

Separate order will be entered.

DATED this 12th day of February, 2007.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Dave Hepperlen
    Grant Forsberg
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.